IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   13-cv-00260-LTB-MEH

KYLE SCARBROUGH,

       Plaintiff,
v.

THE COLEMAN COMPANY, INC.,

       Defendant.
_____

ORDER
_____

This matter is before me on a Motion to Dismiss filed by Defendant, The Coleman Company, Inc., in which it seeks dismissal of the Third and Fourth Claims for Relief filed against it by Plaintiff, Kyle Scarborough, for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [**Doc # 7**]  Oral arguments would not materially assist me in my determination.  After consideration of the parties' arguments, and for the reason stated, I GRANT the motion pursuant to Fed. R. Civ. P. 12(b)(6), and I DISMISS Plaintiff's Third and Fourth Claims for Relief.

**I. Background**

In his Complaint, Plaintiff asserts that on or about March 23, 2011, he was using a propane tank designed, manufactured and sold by Defendant, when it "violently exploded and/or ruptured, sending flying metal debris into contact with Plaintiff, causing injuries and damage to Plaintiff." [Doc #4, ¶5]  As a result, Plaintiff filed his Civil Complaint and Jury Demand in the District Court of the 1st Judicial District for Jefferson County, State of Colorado, in December of

2012. Defendant subsequently filed a Notice of Removal, based on federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332. [Doc #1]

In his complaint, Plaintiff alleged several tort claims against Defendant, including the "Sale of a Defective Product – Failure to Warn" (Third Claim for Relief) and "Negligent Failure to Warn" (Fourth Claim for Relief). Defendant has filed this motion seeking to dismiss Plaintiff's Third and Fourth claims because these state law tort claims – based on a theory of failure to warn – are preempted by federal law and, as such, are not legally cognizable.

## II. Standard of Review

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) "either because it asserts a legal theory not cognizable as a matter of law or because the claim fails to allege sufficient facts to support a cognizable legal claim." *Golan v. Ashcroft*, 310 F.Supp.2d 1215, 1217 (D.Colo. 2004). A claim will survive dismissal if it alleges a plausible claim for relief – that is, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). A district court's dismissal of a complaint for failure to state a legally cognizable claim under Fed.R.Civ.P. 12(b)(6) is a legal determination that is reviewed *de novo*. *Dobbs v. Anthem Blue Cross & Blue Shield,* 475 F.3d 1176, 1177 (10th Cir.

2007).

### III.  Analysis

Defendant asserts that Plaintiff's state law tort claims based on a failure to warn are preempted by federal law.  It first argues that these claims are preempted by the Federal Hazardous Substances Act (the "FHSA"), 15 U.S.C. § 1261 *et seq.*, which provides uniform requirements for cautionary labeling of hazardous substances, including substances – as applicable here – which are "flammable or combustible."  *See* 15 U.S.C. §1261(f)(1)(A)(v).  The FHSA contains an express preemption provision at 15 U.S.C. § 1261 note (b)(1)(A), which provides that:

> [I]f a hazardous substance or its packaging is subject to a cautionary label requirement under section 2(p) or 3(b) designed to prevent against a risk of illness or injury associated with the substance, no State or political subdivision of a State may establish or continue in effect a cautionary labeling requirement applicable to such substance or packaging and designed to protect against the same risk of illness or injury unless such cautionary labeling requirement is identical to the labeling requirement under 2(p) or 3(b).

Defendant also asserts that Plaintiff's state law tort claims based on a failure to warn are preempted by the Hazardous Materials Transportation Act (the "HMTA"), 49 U.S.C. §§ 5101, *et seq.*, which regulates non-refillable fuel cylinders.  The HMTA preempts states claims, at 49 U.S.C. § 5121(b)(1), as follows:

> Except as provided in subsection (c) of this section and unless authorized by another law of the United States, a law, regulation, order, or other requirement of a State, political subdivision of a State, or Indian tribe about any of the following subjects, that is not substantively the same as a provision of this chapter or a regulation prescribed under this chapter, is preempted . . . [including] (B) The packaging, repackaging, handling, labeling, marketing, and plaque carding of hazardous material . . .

Plaintiff  argues, in response, that his claims for failure to warn are not preempted by the

FHSA or the HMTA because Colorado tort law does not imposed labeling requirements that differ from or are in addition to those requirements set forth therein.  *See generally Riegel v. Medtronic, Inc*., 552 U.S. 312, 323–24, 128 S.Ct. 999, 169 L.Ed.2d 892 (2008)(ruling that a statutory preemption clause that indicates that no state may impose "requirements" that are "different from, or in addition to" those provided by the federal law applies to preempt state tort claims); *Howard v. Zimmer, Inc*., 711 F.3d 1148, 1150 (10th Cir. 2012).  Specifically, Plaintiff asserts – without referring to supporting legal authority – that the Colorado common law duties of Defendant to warn in this case are dictated by the limits of federal law and, as such, he may still bring common law claims for failure to warn as the law does not impose different or additional labeling requirements.

Defendant argues, in contrast, that common law tort claim for failure to warn in Colorado impose requirements that differ from those requirements set forth in the FHSA and/or the HMTA.  Specifically, it asserts that Colorado law provides that a failure to adequately warn can render a product defective under a strict liability theory by proving that "the test is whether the manufacturer's failure to warn adequately of the potentially dangerous propensities of its product rendered the product unreasonably dangerous."  *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 539 (Colo. 1997).  My research further reveals that a manufacturer can also be liable for negligently failure to warn under Colorado law, which provides that the duty of the manufacturer is "to appropriately label the product giving due consideration to the likelihood of accident and the seriousness of consequences from failure-to-warn." *Hiigel v. General Motors Corp*., 544 P.2d 983, 988  (Colo. 1975)(noting that "[l]iability for an inadequate warning requires a balancing of foreseeable harms and reasonable instructions").

As such, I conclude that the requirements of Plaintiff's Colorado tort claims based on a failure to warn imposes requirements that differ from those requirements – or "duties" in tort terms – set forth in the FHSA and/or the HMTA in this case. *See Riegel v. Medtronic, supra*, 552 U.S. at 324 (ruling that state tort duties constitute "requirements" preempted by the Federal Medical Device Amendments to the FDA); *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 524, 112 S.Ct. 2608, 2623, 120 L.Ed.2d 407 (1992)(holding that the labeling provision of the Public Health Smoking Act of 1969 constituted a preemption of state common law labeling and duty to warn claims).  In so doing, I note that the preemption provision in the FHSA mandates that any state labeling requirement must be "identical" to its requirements, and the HMTA preempts any other requirement that is "not substantively the same" to its provisions. *See* 15 U.S.C. §1261 note (b)(1)(A); 49 U.S.C. §5121(b)(1).

Finally, I note that I do not reach Plaintiff's argument to the extent he asserts that a disputed issue of material fact remains as to whether the label on the propane tank comported with federal labeling law, as Plaintiff's complaint is grounded on a common-law failure to warn claims.  The complaint fails to allege either a claim under the FHSA, or a private cause of action – if any such claim is available – under the HMTA.  Plaintiff has not requested nor sought leave to amend his complaint.

As a result, Plaintiff's Third and Fourth claims for relief based on common law torts for failure to warn are preempted. *See Salazar v. Whink Products Co.,* 881 P.2d 431 (Colo. App. 1994)(ruling that the FHSA preempted a plaintiff/consumer's products liability claim premised on failure to provide adequate warnings on the label, as FHSA prohibited states from imposing

additional labeling requirements); *see also Arkansas-Platte & Gulf Partnership v. Van Waters & Rogers, Inc.,* 981 F.2d 1177 (10th Cir. 1993)(ruling that the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA") preempted a landowners' state tort claims against chemical manufacturer to extent claims required showing that manufacturer's label on package should have included additional, different, or alternatively stated warning from those required by FIFRA).

ACCORDINGLY, I GRANT Defendant Coleman's Motion to Dismiss Plaintiff's Third and Fourth Claims for Relief and Memorandum in Support [**Doc #7**] and, as a result, I DISMISS Plaintiff's Third and Fourth Claim for Relief pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a legally cognizable claim.

Dated: July  24 , 2013 in Denver, Colorado.

                                        BY THE COURT:

                                         s/ Lewis T. Babcock
                                        LEWIS T. BABCOCK, JUDGE